ROBERT GORDON JOHNSTONE, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 9381

July 27, 1977                    566 P.2d 1130

*Michael Schaefer,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; and *George E. Holt,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Following our decision in Johnstone v. State, 92 Nev. 241, 548 P.2d 1362 (1976), appellant was retried and again stands convicted, by jury verdict, of two counts of first degree murder

(NRS 200.010). Here, he contends (1) the district court erred by excluding hearsay testimony, (2) there was no jurisdiction to try him, and (3) certain instructions should not have been given to the jury. We disagree.

1. Appellant contends that William Nading should have been allowed to testify to a conversation he overheard in jail between appellant and his co-defendants, Theriault and Paulette. The gist of the conversation was that appellant was not involved in the crime. The trial court properly excluded the testimony on the grounds that it did not fall within the co-conspirator exception to the hearsay rule because the statements were being offered for, not against, appellant and the conspiracy, if it existed at all, had terminated prior to the time the alleged conversation took place. NRS 51.035(3)(e).[1] Furthermore, we have not been directed to any other exception to the hearsay rule under which such evidence might be admissible. Cf. Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975).

2. Because he was a non-resident alien, appellant contends the district court lacked jurisdiction to try him. We considered and rejected the same argument in Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976), and Paulette v. State, 92 Nev. 71, 545 P.2d 205 (1976).

3. Finally, appellant contends the district court erred in giving certain instructions to the jury. However, the instructions are not included in the record, and, thus, we are unable to consider and resolve his contention. Jacobs v. State, cited above. Cf. Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977); Powers v. Johnson, 92 Nev. 609, 555 P.2d 1235 (1976).

Affirmed.

---

[1]NRS 51.035(3)(e) provides:

" 'Hearsay' means a statement offered in evidence to prove the truth of the matter asserted unless:

". . .

"3. The statement is offered against a party and is:

". . .

"(e) A statement by a coconspirator of a party during the course and in furtherance of the conspiracy." ·