FRANK ERNEST LEWIS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9420

December 21, 1977                    572 P.2d 211

*Morgan D. Harris,* Public Defender, and *John H. Howard,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted by jury of robbery, a violation of NRS 200.380, and, pursuant to NRS 193.165, received an enhanced sentence for use of a deadly weapon in commission of that crime.[1] *See* Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975). Appellant's principal contentions are the district court erred in denying his motions for a mistrial, and for a new trial. We disagree.

1. Appellant contends his motion for a mistrial should have been granted because an unknown third party had attempted to influence the verdict of a juror.

After both the prosecution and defense rested their cases, but before jury instructions or closing arguments, a woman juror reported to the bailiff she had received a threatening telephone call from a person unknown to her. At an inquiry held outside the presence of the other jurors, the woman juror testified the caller had told her she "had best make the right decision or she was in trouble." Asked by the court if she could continue as a juror and render a fair and just decision,

---

[1] NRS 200.380 provides, in pertinent part:

"1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear."

NRS 193.165 provides, in pertinent part:

"1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime."

she replied that she could. The court then stated its satisfaction that the incident would not contaminate either the verdict or the jury deliberations.

Under these circumstances, appellant carries the burden of showing he has been prejudiced by the threatening telephone call. State v. Jordan, 320 P.2d 446 (Ariz. 1958); *cf.* Parks v. State, 457 P.2d 818 (Okla.Crim.App. 1969). This he has totally failed to do and, accordingly, his motion for a mistrial was properly denied. *See* State v. Jordan, cited above.

2. Appellant also contends his motion for a new trial should have been granted on the grounds that improper and prejudicial statements made in the prosecutor's closing argument deprived him of a fair trial. However, the purported improper statements are not included in the record, and, thus, we are unable to consider and resolve his contention. *See* Johnstone v. State, 93 Nev. 427, 566 P.2d 1130 (1977).

Other issues raised by appellant are without merit.

Affirmed.