Michael G. AUSTIN, Plaintiff,

v.

Bryn ARMSTRONG, Chairman, Board of Parole Commissioners, Individually and in his official capacity as Chairman of the Nevada Board of Parole Commissioners, Noles Burist, Member, Board of Parole Commissioners, Individually and in his official capacity as a Member of the Nevada Board of Parole Commissioners, Wilma Fawcett, Member, Board of Parole Commissioners, Individually and in her official capacity as a Member of the Nevada Board of Parole Commissioners, John Slansky, Superintendent, Individually and in his official capacity as Superintendent of the Northern Nevada Correctional Center, William Puzey, Attorney, Individually and in his official capacity as an Attorney at Law, et al., defendants.

No. Civ. R-79-46-HEC.

United States District Court,
D. of Nevada.

July 6, 1979.

Michael G. Austin, pro. per.

Richard H. Bryan, Atty. Gen., by Robert A. Bork, Deputy Atty. Gen., Crim. Div., Carson City, Nev., for defendants Armstrong, Burist, Fawcett and Slansky.

William G. Cobb, of Erickson, Thorpe, Swainston & Cobb, Reno, Nev., for defendant Puzey.

## DECISION AND ORDER

CLAIBORNE, District Judge.

On March 1, 1979, Michael G. Austin, an inmate of the Nevada State Prison, commenced this action for deprivation of his civil rights under 42 U.S.C. § 1983. He has sued William Puzey, the Deputy Public Defender who represented him in the Second Judicial District Court of the State of Nevada; Bryn Armstrong, Noles Burist, and Wilma Fawcett, who are all members of the Nevada Board of Parole Commissioners; and John Slansky, who is the Superintendent of the Northern Nevada Correctional Center. The Plaintiff has requested damages, declaratory relief, and injunctive relief. Although it is not precisely clear, a fair reading of the complaint indicates that the Plaintiff challenges both the failure of the Nevada Board of Parole Commissioners to either permit him to participate in the work release program or grant his application for parole and the constitutionality of the manner in which the Board has processed his applications for these two programs.

William Puzey has now moved for summary judgment; the three members of the Board of Parole Commissioners and the Superintendent of the Northern Nevada Correctional Facility have moved to dismiss the complaint.

On February 19, 1973, authorities arrested Michael G. Austin in Sparks, Nevada, and charged him with robbery, rape, infamous crime against nature, and indecent exposure. After pleading guilty to both second degree kidnapping and robbery, the

Plaintiff was sentenced in the Second Judicial District Court of the State of Nevada on June 21, 1973, to 15 years in the Nevada State Prison with a concurrent six year sentence.

During his imprisonment, the Plaintiff has appeared before the Nevada Board of Parole Commissioners in July 1975, July 1977, and November 1978. Each time the Board has denied his application for parole. Michael G. Austin is next scheduled to appear before the Board of Parole Commissioners in January 1980.

At some point during his confinement, the Plaintiff has also applied to participate in the work release program. This request was denied.

■■■ Before addressing the merits of the Defendants' contentions, the threshold question is whether this Court has subject matter jurisdiction in this particular civil rights action. It is by now well-established that where a plaintiff attacks the constitutionality of his physical confinement, his sole remedy is a writ of habeas corpus which first requires exhaustion of available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Even where the plaintiff seeks partial release, the claim is cognizable only in a habeas corpus action. *Winsett v. McGinnes*, 425 F.Supp. 609, 613–614 (D. Delaware 1976); *Parson v. Keve*, 413 F.Supp. 111, 113 (D. Delaware 1976).

■■■ Therefore, while in this proceeding the Plaintiff cannot challenge the constitutionality of his confinement, he can litigate the limitations of his right to procedural due process under the Fourteenth Amendment in the consideration of his applications for parole and participation in the work release program. *Haymes v. Regan*, 525 F.2d 540, 542 (2nd Cir. 1975).

### Motion for Summary Judgment

■■■ A public defender is absolutely immune from damage claims under 42 U.S.C. § 1983 for acts done in the performance of his judicial function as a public defender. *Miller v. Barilla*, 549 F.2d 648, 649 (9th Cir. 1977). In the case at bar the Plaintiff maintains that Defendant Puzey advised him at time of sentencing that he would have to serve approximately 18 months in the state prison, and in any case, no more than two years. These alleged remarks were clearly within the performance of Puzey's judicial function.

### Motion to Dismiss

The three members of the Nevada Board of Parole Commissioners and the Superintendent of the Northern Nevada Correctional Center have based their motion to dismiss upon the following two grounds: (1) that the Plaintiff was not denied procedural due process in either his parole release proceedings or in the processing of his request to participate in the work release program, and (2) that the members of the Nevada Board of Parole Commissioners are immune from liability.[1]

In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, —— U.S. ——, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the United States Supreme Court has just recently provided guidelines for determining when and to what extent the Due Process Clause of the Fourteenth Amendment applies to discretionary parole release determinations.

After distinguishing *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which dealt with the right to due process at a parole revocation determination, the Supreme Court rejected the claim that a reasonable entitlement to due process is created merely because a state provides for the possibility of parole. Instead, the determination of whether an inmate is entitled to due process depends upon a case-by-case examination of each state's statute.

---

1. The Defendants have also based their motion to dismiss on the ground that a parole board is not a "person" for purposes of a suit under 42 U.S.C. § 1983. Since the Plaintiff has not named the Nevada Board of Parole Commissioners as a defendant, this question is not at issue in this case.

The Nebraska statute which was at issue in *Greenholtz*, supra, provides in pertinent part:

"Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it shall order his release unless it is of the opinion that his release should be deferred because:

(a) There is a substantial risk that he will not conform to the conditions of his parole;

(b) His release would depreciate the seriousness of his crime or promote disrespect for law;

(c) His release would have a substantially adverse effect on institutional discipline; or

(d) His continued correctional treatment, medical care, or vocational or other training in the facility will substantially enhance his capacity to lead a law-abiding life when released at a later date." Neb.Rev.Stat. § 83–1,114(1).

The Supreme Court found that the structure of the Nebraska statute together with the use of the word "shall" created a presumption that obligates the Nebraska Board to grant parole unless any one of the four statutory reasons are present. Because of the unique structure of the statute together with the use of the imperative, the Supreme Court found that a Nebraska inmate's expectancy of release was entitled to some measure of constitutional protection.

 The wording and structure of the Nevada statute is significantly different. The relevant section, NRS 213.1099 provides:

**2.** NRS 213.310 provides:
". . . Selection of prisoners for enrollment in program; notice to sentencing court; authority of chief parole and probation officer.
1. The director of the department of prisons shall, by appropriate means of classification and selection, determine which of the offenders, during the last 6 months' confinement, are suitable for the work release program excluding those sentenced to life imprisonment who are not eligible for parole and those imprisoned for violations of chapter 202 of NRS who have not been certified by the designated board as eligible for parole.

". . . Limitations on powers of state board of parole commissioners to release prisoners on parole.

1. Except as provided in subsection 2, the board may release on parole a prisoner otherwise eligible for parole under NRS 213.107 to 213.160, inclusive, only if, from all the information known to the board, it appears to the board:

(a) That there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws; and

(b) That such release is not incompatible with the welfare of society.

2. When a person is convicted of any felony and is punished by a sentence of imprisonment, he remains subject to the jurisdiction of the board from the time he is released on parole under the provisions of this chapter until the expiration of the term of imprisonment imposed by the court less any good time or other credits earned against such term."

This statute does not create a presumption that parole will be granted. It does establish two statutory criteria which must be met before the Board can even consider an applicant. However, once these criteria are satisfied, the use of the permissive "may" makes the decision of whether to grant or deny parole entirely discretionary. The Nevada statute does not create a protectible entitlement.

 The Plaintiff also maintains that his request to participate in the work release program has been unconstitutionally denied. Under NRS 213.310 [2] the Director of

2. The director shall then submit to the state board of parole commissioners the names of those offenders he determines to be eligible for the work release program, and the board shall select from those names the offenders it considers to be suitable for the program.
3. Before work release privileges are granted to any offender so selected, the sentencing court shall be notified of the intent to take such action. If the court does not object within 10 judicial days of the notice, the state board of parole commissioners may proceed to enroll the offender in the work release program.
4. In enrolling an offender in the work release program, the state board of parole com-

the Department of Prisons determines by means of classification and selection which of the offenders in the last six months of their confinement are suitable for the work release program.

In the case at bar the Plaintiff began serving a 15 year sentence in 1973, and therefore at this juncture he is not within the last six months of his confinement. Accordingly, Michael G. Austin does not have even a possibility of entitlement pursuant to state law, much less, one that is entitled to constitutional protection under the guidelines of *Greenholtz*, supra.

Since the first ground upon which the three members of the Nevada Board of Parole Commissioners and the Superintendent of the Northern Nevada Correctional Center base their motion is dispositive, this Court will not consider the other ground.

Good Cause Appearing,

IT IS HEREBY ORDERED:

1. That the motion for summary judgment, submitted on behalf of Defendant William Puzey, is granted.

2. That the motion to dismiss, submitted on behalf of Defendants, Armstrong Burist, Fawcett, and Slansky, is granted.

missioners shall delegate full authority to the chief parole and probation officer to take all necessary action to enforce rules relating to the general procedures and objectives of the program."