DANIEL S. SEVERANCE, APPELLANT, *v.* BRYN ARMSTRONG, AND THE NEVADA BOARD OF PAROLE COMMISSIONERS, RESPONDENTS.

No. 12328

December 3, 1980

620 P.2d 369

[Rehearing denied March 12, 1981, 97 Nev. 95, 624 P.2d 1004]

*Powell and Ray, Ltd.,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, and *Ernest E. Adler,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

Appellant was convicted of two counts of lewdness with a child under the age of 14 (NRS 201.230) and was sentenced to serve two concurrent ten-year terms in prison. He subsequently applied to the state board of parole commissioners for parole release. The board denied appellant's application.

Thereafter, appellant filed a petition for a writ of habeas corpus in the district court contending the board had unlawfully denied his application. The district court denied the petition and this appeal followed.

The specific contentions raised in this appeal are that Nevada's statutes governing parole release are unconstitutionally vague and vest too much discretion with the board of parole commissioners, and that appellant was denied due process of law when the board, which allegedly acted arbitrarily and capriciously, denied him a parole release from prison.

The statute which appellant is challenging, NRS 213.1099, provides:

> 1. Except as provided in subsection 2, the board [of parole commissioners] may release on parole a prisoner otherwise eligible for parole under NRS 213.107 to 213.160, inclusive, only if, from all the information known to the board, it appears to the board: (a) That there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws; and
>
> (b) That such release is not incompatible with the welfare of society.
>
> 2. When a person is convicted of any felony and is punished by a sentence of imprisonment, he remains subject to the jurisdiction of the board from the time he is

released on parole under the provisions of this chapter until the expiration of the term of imprisonment imposed by the court less any good time or other credits earned against such term.

"Want of structured and mandated parole eligibility standards does not per se constitute denial of due process." Phillips v. Williams, 608 P.2d 1131, 1135 (Okla. 1980). A state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979). Concerning Nebraska's parole statute, the Court in *Greenholtz,* 442 U.S. at 13, said:

> Like most parole statutes, it vests very broad discretion in the [Parole] Board. No ideal, error-free way to make parole-release decisions has been developed; the whole question has been and will continue to be the subject of experimentation involving analysis of psychological factors combined with fact evaluation guided by the practical experience of the actual parole decisionmakers in predicting future behavior. Our system of federalism encourages this state experimentation. If parole determinations are encumbered by procedures that states regard as burdensome and unwarranted, they may abandon or curtail parole.

Thus, in view of the foregoing authority, we must reject appellant's contention that NRS 213.1099 is unconstitutionally vague and vests too much discretion in the board of parole commissioners. *See* Murphy v. Indiana Parole Bd., 397 N.E.2d 259 (Ind. 1979).

Appellant's contention that the board denied him due process of law by arbitrarily and capriciously denying his parole application is also without merit. As the court said in Averhart v. Tutsie, 618 F.2d 479, 480–481 (7th Cir. 1980):

> It is axiomatic that before due process protections can apply, there must first exist a protectible liberty or property interest. [Citation omitted.] Just last term . . . the United States Supreme Court considered whether inmates have a general, constitutionally protected interest in being conditionally released on parole before the expiration of a valid sentence. In *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Court concluded that an

inmate does *not* have a protectible expectation of parole unless that expectation is created by a state statute. According to the Court, a validly obtained conviction, with all its procedural safeguards, extinguishes a convict's liberty interest in release. A state is under no constitutional obligation to create a parole system, and even when it does, the mere *possibility* of parole does not *a fortiori* result in a protectible expectation of release. Rather, the state statute must be phrased in such a way that it creates a real expectation of and not just a unilateral hope for parole.

NRS 213.1099 does not confer a legitimate expectation of parole release and therefore does not create a constitutionally cognizable liberty interest sufficient to invoke due process. Greenholtz v. Nebraska Penal Inmates, *supra*.

Affirmed.