DANIEL S. SEVERANCE, Appellant, v. BRYN ARMSTRONG, and THE NEVADA BOARD OF PAROLE COMMISSIONERS, Respondents.

No. 12328

March 12, 1981                                    624 P.2d 1004

*Powell and Ray, Ltd.,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, and *Charles P. Cockerill,* Deputy Attorney General, Carson City, for Respondents.

## OPINION ON PETITION FOR REHEARING

*Per Curiam:*

Appellant seeks a rehearing, contending that our decision in Severance v. Armstrong, 96 Nev. 836, 620 P.2d 369 (1980), ignores this court's previous holding in Goldsworthy v. Hannifin, 86 Nev. 252, 468 P.2d 350 (1970). In *Goldsworthy,* a statute enacted after the defendant had been convicted and sentenced increased the time he would be required to serve before becoming eligible to apply for parole. This court declared the statute unconstitutional as an ex post facto law and stated:

> [I]f the legislature undertakes to enact laws granting parole [footnote omitted] when it need not constitutionally have done so, we think those rights granted as acts of clemency or grace must be administered in accordance with concepts of due process and may not arbitrarily increase the punishment previously imposed in the unequal and illogical manner done here.

*Id.* at 256, 468 P.2d at 353. Appellant interprets this language to mean that due process rights attach to all parole statutes.

We do not read *Goldsworthy* so broadly. That case dealt solely with the right to *apply* for parole. Such a right, once granted by the legislature, is a constitutionally protected interest which may not be unfairly denied. Here, the right to apply for parole is not in issue. The question is whether NRS 213.1099 creates a protectible expectancy of release once a parole application is made. As we stated in our opinion, this statute does not confer such an expectancy and therefore due process concepts do not apply. Simply stated, a prisoner may have a constitutionally protected right to apply for parole, but he has no expectancy that his application will be granted. Therefore, *Goldsworthy* is inapposite.

Rehearing denied.