GERALD WEAKLAND, Appellant, *v.* BOARD OF PAROLE COMMISSIONERS AND STATE OF NEVADA, Respondents.

No. 14471

March 30, 1984                                    678 P.2d 1158

*Powell & Lambrose,* Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Dan R. Reaser,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

This appeal presents a constitutional question concerning

Nevada's parole release statute, NRS 213.1099. We find no merit to appellant's contentions, and affirm.

Appellant was convicted of second degree murder in 1975, and was sentenced to an indeterminate term of five years to life. In January of 1982, he appeared before respondent Board of Parole Commissioners (Board) and was denied parole release. The Board gave appellant at least four specific reasons why parole was denied, including the nature and severity of his crime and the Board's view that "release at this time would depreciate the seriousness" of the offense.[1] The statement of reasons focused on factors primarily relevant to the original crime and its surrounding circumstances, as opposed to Weakland's record of institutional behavior.

Appellant subsequently filed a petition for writ of mandamus in the district court, claiming that, as a matter of due process of law, the Board was required to provide him with a statement of reasons sufficient to enable him to conform his institutional behavior to the Board's expectations, and thereby earn release on parole. Weakland argued that the statement of reasons given was constitutionally inadequate because it focused on the unchangeable circumstances of his offense, not his behavior as an apparently "model" prisoner. The district court, following our decision in Severance v. Armstrong, 96 Nev. 836, 620 P.2d 369 (1980), *opn. on r'hrg,* 97 Nev. 95, 624 P.2d 1004 (1981), ruled that the Board was not constitutionally required to give an unsuccessful parole applicant any statement of reasons, and denied the petition. Appellant contends that this was error. We disagree.

In its discretion, the Board may grant parole release to a prisoner when the information before it shows a "reasonable probability that such prisoner will live and remain at liberty without violating the laws," and that "release is not incompatible with the welfare of society." NRS 213.1099(1).[2] In *Severance,* we held that this statute does not create a legitimate expectation of parole release sufficient to trigger a constitutionally cognizable liberty interest and invoke the protections of the Due Process Clause. Rather, the statute only gives rise to a

---

[1] Appellant was convicted of murder for his part in the brutal contract killing of Hilda Krause. *See* LaPena v. State, 92 Nev. 1, 544 P.2d 1187 (1976).

[2] The statute also provides for more stringent controls on parole release in certain cases. *See* NRS 213.1099(3). The parties do not contend that this provision is relevant to this appeal.

"hope" of release on parole, and the Board's discretionary decision to deny parole is not subject to the constraints of due process. 96 Nev. at 838-39, 620 P.2d at 370. *Accord* Austin v. Armstrong, 473 F.Supp. 1114 (D.Nev. 1979); *see also* Averhart v. Tutsie, 618 F.2d 479, 480-81 (7th Cir. 1980). *Cf.* Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979) (where statute does create a legitimate expectation of parole release, certain due process safeguards, including a statement of reasons, may attach). Since NRS 213.1099 does not create a constitutionally cognizable liberty interest sufficient to invoke the protections of the Due Process Clause, it follows that the Board is not constitutionally required to render any statement of reasons why parole is denied.

Because the Board is not constitutionally required to give any statement of reasons, appellant's argument that the reasons he did receive were constitutionally inadequate is without merit, as are the additional points raised at oral argument. Accordingly, the order denying the petition is affirmed.[3]

---

[3]Nothing in this opinion should be construed to prevent the Board from rendering a statement of reasons for a parole denial if it so chooses. Such a statement, however, will not be subject to the type of "sufficiency review" sought by appellant in this case.