ROBERT JEFFREY FARMER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 15978

August 27, 1985                                       705 P.2d 149

*Murray Posin,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Robert Jeffrey Farmer pleaded guilty to first degree murder and a three-judge panel, appointed pursuant to NRS 175.558 to conduct a penalty hearing, sentenced him to death. Our review of the record convinces us that the three-judge panel did not commit error in imposing the death penalty. We therefore affirm.

On January 18, 1982, Robert Jeffrey Farmer was driving from Reno to Las Vegas. In the town of Lathrop Wells, he picked up two hitchhikers, Archie Blackcrow and Melanie Marks. When the automobile he was driving ran out of gasoline, the three hitchhiked into Las Vegas where they met a taxicab driver, Greg Lewis Gelunas. Testimony indicates that Gelunas spent the evening drinking alcoholic beverages and smoking marijuana with Farmer, Blackcrow and Marks, before offering them his backyard as a place to sleep for the night.

On at least two occasions during the course of the evening, Farmer and Blackcrow discussed the possibility of robbing Gelunas and stealing his automobile. Farmer testified that he was aware such a venture would at least require them to overpower and restrain Gelunas physically. Later that evening, after Gelunas had returned his taxicab and picked up his personal vehicle, Farmer suggested that Blackcrow enter the house and knock Gelunas unconscious with a rock. Blackcrow apparently felt unable to do this. Farmer then went to the back door of the house and called for Gelunas. When Gelunas came to the door, Farmer knocked him to the floor, entered the kitchen, and stabbed Gelunas repeatedly with a knife. The house was ransacked.

Farmer, Blackcrow and Marks departed in the victim's car and drove to Arizona where they parted company. Farmer continued on to Florida. He was subsequently arrested in Gainesville, Florida, and extradicted to Nevada.

On May 23, 1983, Farmer entered a plea of not guilty to the charges of murder and use of a deadly weapon in the commission of a crime. On March 26, 1984, he changed his plea to guilty. The case was remanded to a three-judge panel for sentencing.

At the conclusion of the penalty hearing, the panel found two aggravating circumstances: (1) that the murder had been committed during the commission of a robbery, and (2) that the murder had been committed during the commission of a burglary. Finding no mitigating circumstances, the court imposed the death penalty. Farmer now appeals the imposition of the death penalty.

The first issue on appeal is whether the three-judge panel court committed reversible error by considering the underlying felonies of robbery and burglary as separate aggravating circumstances under NRS 200.033. The panel found two aggravating circumstances and no mitigating circumstances sufficient to outweigh the aggravating circumstances. Farmer assigns this as error, relying on State v. Cherry, 257 S.E.2d 551 (N.C. 1979). There, the North Carolina Supreme Court held that when a defendant is convicted of first degree murder under the felony murder rule, the trial judge shall not submit to the jury at the sentencing phase of trial the aggravating circumstance concerning the underlying felony.

Because a defendant in our jurisdiction can be convicted and sentenced for both robbery and felony murder, this argument is unavailable to Farmer. In Wilson v. State, 99 Nev. 362, 664 P.2d 328 (1983), we declined to adopt the reasoning of *Cherry.* More recently, in Petrocelli v. State, 101 Nev. 46, 692 P.2d 503 (1985), we expressly rejected the contention that the underlying felony cannot be considered as an aggravating circumstance. Thus, that the three-judge panel did so in this case was not error.

Farmer's second contention is that the panel improperly disregarded his mental impairment in finding that no mitigating circumstances existed sufficient to outweigh the aggravating circumstances. He argues it does not appear that consideration of various mitigating factors was undertaken by the court, as required to satisfy constitutional standards.

The three-judge panel was aware of the law. If, after considering the offered evidence, the panel concluded that the defendant's mental condition established only a character or personality disorder, the panel could reasonably find that mitigating circumstances did not exist. State v. McMurtrey, 664 P.2d 637 (Ariz.

1983). A finding of a partial mental impairment does not bar the imposition of the death penalty. State v. Gretzler, 659 P.2d 1 (Ariz. 1983). Our review of the record fails to establish that the panel improperly disregarded the evidence presented concerning Farmer's various mental and physical impairments.

Finally, we have determined, after analyzing the circumstances of Farmer's crime as required by NRS 177.055(2), that the evidence in the instant case supports the finding of two aggravating circumstances. Our review of the record reveals that the sentence of death was not imposed under the influence of passion, prejudice or any arbitrary factor. We also conclude that the sentence of death is not excessive or disproportionate to the penalty imposed in similar cases in this state, considering both the crime and the defendant.

We hold that all claims of error by Farmer are without merit. Accordingly, we affirm the sentence imposing the death penalty.