EDWARD THOMAS WILSON AND JOHN S. OLAUSEN, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 12346

JOHN STEVEN OLAUSEN AND EDWARD THOMAS WILSON, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 13267

August 28, 1985                                      705 P.2d 151

[Rehearing denied December 11, 1985]

*David G. Parraguirre,* Public Defender, and *N. Patrick Flanagan,* Special Counsel, Reno, for Appellant Olausen.

*Fred Hill Atcheson,* Reno, for Appellant Wilson.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellants Edward Thomas Wilson and John Steven Olausen pleaded guilty to the first degree murder of Reno undercover narcotics officer James Hoff and were sentenced to death by a three judge panel. The murder convictions, as well as convictions of related felonies (kidnapping and robbery), were affirmed by this court in Wilson v. State, 99 Nev. 362, 664 P.2d 328 (1983). Respondent and appellants both petitioned this court for rehearing, noting we failed to conduct an express proportionality review of the death sentences as required by NRS 177.055(2)(d).[1] The petitions also requested rehearing on whether the death sentences were imposed "under the influence of passion, prejudice or any arbitrary factor." NRS 177.055(2)(c). On August 24, 1983 we issued an order granting rehearing for the limited purpose of conducting a proportionality and an arbitrariness .review of the

---

[1]NRS 177.055(2)(d) was recently amended to abolish the proportionality review requirement. This amendment became effective June 6, 1985. 1985 Stats. ch. 527 § 1, at 1597-1598. The prohibition against ex post facto laws requires that we apply the law as it existed when the crime was committed. *See* Goldsworthy v. Hannifin, 86 Nev. 252, 468 P.2d 350 (1970). In *Goldsworthy* we held that an act amending parole eligibility could not be applied to the detriment of a defendant whose crime was committed before the amendment took effect. *Id.* at 256-57. Because Hoff was murdered well before June 6, 1985, we must conduct a proportionality review of appellants' sentences.

death sentences. We have conducted a proportionality review of the death sentences in this case. Based on that review, we conclude that the death sentences are not disproportionate to the penalty imposed in similar cases. We have also concluded that the sentences were not imposed under the influence of passion, prejudice or other arbitrary factor. Accordingly, we affirm the sentences of death.

Appellants, along with two other young men,[2] carried out an elaborate, preplanned plot to kill a drug dealer for $16,000.00. The drug dealer was actually Reno police officer James Hoff, who was conducting an undercover investigation. Wilson, the apparent ringleader of the group, brought Hoff to the scene of his death where the other three were lying in wait. Hoff was stabbed a total of nine times. There was evidence that Hoff begged for his life after the first wounds were inflicted. A medical expert testified that Hoff might have lived as long as twenty minutes after the attack before dying of massive bleeding.

Hoff's body was placed in the back of his Datsun 280Z and taken to a remote area in Verdi, where he was buried in a shallow grave. His fellow officers located the body the next day after a massive search effort.

Comparing the facts of this murder with other capital cases in Nevada, we conclude that Hoff's murder evidences the brutality and violence present in other cases in which the death penalty was imposed. *See* Farmer v. State, 101 Nev. 419, 705 P.2d 149 (1985); Nevius v. State, 101 Nev. 238, 699 P.2d 1053 (1985); Petrocelli v. State, 101 Nev. 46, 692 P.2d 503 (1985). The trial judge described the killing as "one of the most brutal and merciless murders [Reno] has known."

We are aware that the facts of this case do bear some similarity to the facts of a case in which only life imprisonment was imposed. *See* Crew v. State, 100 Nev. 38, 675 P.2d 986 (1984) (life sentences imposed for first degree murder of two men killed during a drug deal). Nevertheless, we are persuaded that the death penalty has not been " 'wantonly' or 'freakishly' imposed," Jurek v. Texas, 428 U.S. 262, 276 (1975), given the high degree of premeditation in this case. Appellants participated in a preconceived and vicious murder by stabbing, motivated by

<hr/>

[2] Fred Stites and David Lani also pleaded guilty to Hoff's murder. They were sentenced to life in prison without possibility of parole by the same three judge panel which sentenced appellants to death. The panel concluded that Stites and Lani were less culpable than Wilson and Olausen because they were under Wilson's domination and because they showed remorse immediately after the murder. The record indicates that Lani fled the scene after stabbing Hoff once in the back. Stites reportedly refused to slit Hoff's throat after Olausen ordered him to do so, fleeing the scene after Lani. Stites also refused to participate in the hasty burial of Hoff's body.

intent to rob. It was committed by four men in concert, one of whom, appellant Wilson, had a prior arrest record for a violent felony.

We particularly note that some flexibility must be incorporated into any scheme of proportionality review. The fact that juries have imposed a lesser penalty than death in some cases factually similar to the one under review is significant, but is not absolutely binding on the reviewing court. The unique aspects of the case under review may cause it to withstand proportionality review even in the face of points of similarity with life imprisonment cases. *See* Moore v. State, 213 S.E.2d 829 (Ga. 1975), *cert. denied,* 428 U.S. 910 (1976). The *Moore* court specifically noted that it was not the duty of a reviewing court to determine that less than a death sentence was *never* imposed in cases with some characteristics similar to the one under review. *Id.* at 832. From our comparative review, and taking into account the specific facts and circumstances of this case, we conclude that the death penalty is not disproportionate as to either appellant.

We further conclude that nothing in the record of the proceedings below indicates that the death sentences were imposed under the influence of passion, prejudice or any arbitrary factor. Accordingly, the death sentences are affirmed.[3]

---

[3]Appellant Wilson's attorney requested permission during oral argument to supplement the record with additional materials relative to Wilson's character. The motion is denied. We may not "consider matters not properly appearing in the record on appeal." Lewis v. State, 93 Nev. 638, 572 P.2d 211 (1977); Johnstone v. State, 93 Nev. 427, 566 P.2d 1130 (1977).