JOHN FRANCIS MAZZAN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 16292

March 4, 1987                    733 P.2d 850

*David G. Parraguirre,* Public Defender, *Jane G. McKenna,* Chief Appellate Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills B. Lane,* District Attorney, *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a jury verdict, appellant John Francis Mazzan was convicted of first degree murder and was sentenced to death. *See* Mazzan v. State, 100 Nev. 74, 675 P.2d 409 (1984). This court affirmed Mazzan's conviction, but vacated his sentence and remanded the case to the district court for a second penalty hearing because Mazzan was denied effective assistance of counsel during his first penalty hearing. *Mazzan, supra.* At Mazzan's second penalty hearing, the jury found as aggravating circumstances that Mazzan committed the murder while engaged in the commission of a burglary and robbery. The jury found no mitigating circumstances sufficient to outweigh the aggravating circumstances and sentenced Mazzan to death. We affirm the imposition of the death sentence against Mazzan.

Mazzan, a thirty-one year old hairdresser, and the victim were friends who spent much of the last day of the victim's life together. The victim, who had given Mazzan permission to spend the night at his residence, was found dead in a pool of blood the following morning. The victim had been stabbed fifteen times and had died of internal organ damage and massive blood loss. Many of the chest wounds had the same depth and angle, suggesting that the victim was helpless when the violent attack began. There were a number of defensive wounds on the victim's body, indicating that before he fell, fatally wounded, the victim had attempted to shield himself from his assailant.

Investigators found virtually no money or drugs in the victim's residence, although the victim was known to have quantities of both before his death. Two days following the victim's death, Mazzan paid his delinquent rent from a large roll of bills. Based on this and other evidence, the jury found that Mazzan had burglarized, robbed, and brutally murdered his friend. We conclude that the record supports the jury's finding that this crime involved a violent, premeditated murder committed in furtherance of a robbery and during a burglary. *See* NRS 200.033.

Mazzan appeals the sentence of death on two grounds. First, Mazzan contends that his capital sentence is invalid because of the prosecutor's reference to the process of appellate review. In his closing argument at the second penalty hearing, the prosecutor stated:

> Well, if you are convicted of murder, and you appeal and appeal and appeal, and if sometime for whatever reason—and as the judge told you that's not before you—the sentence is overturned or changed, and you have to come back to do it again, does that mean we lay down and quit? You can't do that.

Mazzan argues that this statement presented an intolerable danger of bias toward a death sentence because it implied that any error may be corrected later on appeal. To support this contention, Mazzan relies on Caldwell v. Mississippi, 472 U.S. 320, 323 (1984) in which the Supreme Court vacated a death sentence when the prosecutor "urged the jury not to view itself as determining whether the defendant would die, because the death sentence would be reviewed for correctness by the State Supreme Court." The Court noted that it "has always premised its capital punishment decisions on the assumption that a capital sentencing jury recognizes the gravity of its task and proceeds with the appropriate awareness of its 'truly awesome responsibility.' " *Id.* at 341. Since the prosecutor had sought to minimize the jury's sense of responsibility, the Court held that the death sentence must be vacated and concluded that "it is constitutionally imper-

missible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere." *Id.* at 329. In the present case, Mazzan argues that the prosecutor's remarks mandate reversal. We disagree. Mere reference to the process of appellate review does not invalidate a death sentence. The criminal defendant must also show that because of the nature of the prosecutor's reference to the process of appellate review, the capital sentencing jury failed to apprehend the gravity of its task in determining whether death is the appropriate punishment. Here, the prosecutorial argument did not shift responsibility to the appellate court, but rather heightened the sentencing jury's awareness of the gravity of its task. The prosecutor's remarks did not constitute a *Caldwell* violation.

Mazzan next contends that the death sentence in his case is excessive and disproportionate to the penalty imposed in similar cases in Nevada. At the time this crime was committed, NRS 177.055(2) required that this court review Mazzan's death sentence to determine whether it is "excessive or disproportionate to the penalty imposed in similar cases in this state, considering both the crime and the defendant."[1] This court stated that " '[p]roportionality review' dictates that we compare all capital cases, as well as appealed murder cases in which the death penalty was sought but not imposed, and set aside those death sentences which appear comparatively disproportionate to the offense and the background and characteristics of the offender." Harvey v. State, 100 Nev. 340, 343, 682 P.2d 1384, 1385 (1984). *See* Biondi v. State, 101 Nev. 252, 699 P.2d 1062 (1985). Having compared Mazzan's offense, background and characteristics to that of other capital defendants, we conclude that the sentence of death is not excessive or disproportionate to the penalty imposed in similar cases in this state. *See, e.g.,* Farmer v. State, 101 Nev. 419, 705 P.2d 149 (1985); Rogers v. State, 101 Nev. 457, 705 P.2d 664 (1985); Petrocelli v. State, 101 Nev. 46, 692 P.2d 503 (1985); Wilson v. State, 101 Nev. 452, 705 P.2d 151 (1985). Our review of the record also reveals the sentence of death was not imposed under the influence of passion, prejudice, or arbitrary factor. Accordingly, we affirm the judgment of conviction and the sentence of death.

---

[1]The United States Supreme Court has held that state courts are not constitutionally required to conduct proportionality reviews of death sentences. Pulley v. Harris, 465 U.S. 37 (1984). NRS 177.055(2) was amended to abolish the proportionality review requirement. This amendment became effective June 6, 1985. 1985 Stats. ch. 527, Sect. 1, at 1597-1598. The prohibition against ex post facto laws requires that we apply the law as it existed when the crime was committed. *See* Goldsworthy v. Hannifin, 86 Nev. 252, 468 P.2d 350 (1970). Therefore, we must conduct a proportionality review of Mazzan's death sentence.