An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID AUGUST KILLE, SR.,
Appellant,
vs.
CONNIE S. BISBEE; MARY K. BAKER;
SUSAN JACKSON; MAURICE J.
SILVA; MICHAEL KEELER; ED GRAY;
DORIA M. SALLING; JEARLD HAFEN;
JIM GIBBONS; AND THE STATE OF
NEVADA,
Respondents.

No. 62674

FILED

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court summary judgment in an action regarding appellant's parole. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant David August Kille, Sr., an inmate, filed an amended complaint in the underlying consolidated actions asserting civil rights claims under 42 U.S.C. § 1983 and state law claims under NRS 41.031 regarding his 2008 parole hearing. The causes of action stated in this complaint alleged that respondents Connie S. Bisbee, Mary K. Baker, Susan Jackson, Maurice J. Silva, Michael Keller, Ed Gray, and Doria M. Salling (the Parole Board defendants) violated Kille's state and federal rights when they delayed his initial parole hearing and when they did not allow him to be present, to present witnesses or evidence, to cross-examine witnesses, or to speak on his own behalf when they considered him for parole. Additionally, Kille asserted that the Parole Board defendants conspired to deny him parole in retaliation for filing a previous lawsuit. Kille alleged in each cause of action that respondents State of Nevada, Jearld Hafen, and Jim Gibbons (collectively the State defendants) were responsible for the illegal actions of the Parole Board defendants. The

14-15634

Parole Board defendants moved the district court to dismiss the claims against them in both their individual and official capacities for failure to state a claim under NRCP 12(b)(5), and the district court granted the motion, concluding that Kille failed to state a cognizable § 1983 claim and that the Parole Board defendants were entitled to immunity. Following the resolution of his claims against the State defendants, Kille filed this appeal.

With regard to the NRCP 12(b)(5) dismissal of the Parole Board defendants,[1] because the district court relied on matters outside of the pleadings, we construe the dismissal order as one granting summary judgment. *See Witherow v. State Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007). We review a grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

Preliminarily, while Kille contends that his amended complaint did not assert federal claims under § 1983, such that the district court erred in dismissing the Parole Board defendants based on federal law, his complaint invoked jurisdiction under both § 1983 and NRS 41.031. As a result, Kille's argument in this regard lacks merit.

*Kille's § 1983 claims*

To the extent that Kille asserts § 1983 claims against the Parole Board defendants in their official capacities, those claims necessarily fail because state officials are not "persons" within the

---

[1]While Kille purports to challenge the grant of summary judgment to the State defendants on appeal, his arguments in this regard are raised for the first time on appeal, and thus, we do not consider his challenge to that order. *See In re AMERCO Derivative Litig.*, 127 Nev. ___, ___ n.6, 252 P.3d 681, 697 n.6 (2011).

meaning of the term as it is used in 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). With regard to Kille's § 1983 claims against these defendants in their individual capacities, Kille must show that the Parole Board defendants acted under the color of state law to deprive him of a right protected by the constitution or laws of the United States.[2] *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988); *Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 458, 168 P.3d 1055, 1061 (2007). But because Kille had no constitutional due process rights attached to his parole hearing, or being released on parole, and no such statutory rights were in place at the time of the parole hearing, Kille failed to identify a cognizable federal or constitutional right that was violated, and thus, summary judgment was also proper on these claims. *See* NRS 213.10705 (providing that release on parole is act of grace by the state and that no person has a right to parole); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that an inmate has no constitutional due process right to be released on parole when the state's parole statutes only provide a possibility of parole); *see also State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 153, 42 P.3d 233, 242 (2002) ("The threshold inquiry in a § 1983 claim is whether the plaintiff has identified a right cognizable under the statute.").

---

[2]Although the district court held, in resolving these claims, that state officials could not be sued in their individual capacities under 42 U.S.C. § 1983, that conclusion is erroneous. *See State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 153, 42 P.3d 233, 241-42 (2002) (recognizing that plaintiffs may bring 42 U.S.C. § 1983 claims against state officials in their individual capacities). Nonetheless, we may affirm the district court's rejection of these claims if we conclude that the right result was reached, albeit for the wrong reasons. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. ___, ___, 245 P.3d 1198, 1202 (2010).

Similarly, Kille's arguments that his rights were violated when he was not brought before the Parole Board on the first day he was eligible for parole, and that he was not allowed to be present at the parole board hearing, present witnesses, and present a case on his own behalf fail because Kille did not possess any such rights.[3] *See Greenholtz*, 442 U.S. at 7. And to the extent that Kille asserts that his equal protection rights were violated, he failed to produce any evidence creating a genuine issue with regard to whether "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class," and thus, this argument lacks merit. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, the district court did not err in granting summary judgment on Kille's § 1983 claims.[4]

*Kille's NRS 41.031 based claims*

To the extent that Kille alleged violations of Nevada state and constitutional law under NRS 41.031 based on the denial of his parole, NRS 213.10705 expressly declares the grant of parole to be an act of grace

---

[3]Kille's parole hearing occurred on September 10, 2008, at which time NRS 213.130, which granted inmates certain rights at parole hearings, had been suspended by the Legislature, *see* Nev. Stat., ch. 6, § 1, at 5-7; S.B. 4, 24th Special Session (Nev. June 30, 2008) (suspending inmates' rights at parole hearings); *State ex rel. Bd. of Parole Comm'rs v. Morrow*, 127 Nev. ___, ___, 255 P.3d 224, 227 (2011) (discussing the enactment and suspension of NRS 213.130), and NRS 213.131 had not yet been enacted (originally enacted as of May 20, 2011, Nev. Stat., ch. 23, § 3, at 67; A.B. 18, 76th Leg. (Nev. May 20, 2011)).

[4]With regard to Kille's challenge to the rejection of his conspiracy claims, because he had no right to parole, such that no illegal action took place in its denial, his conspiracy claims necessarily fail. *See Nunnery v. Eighth Judicial Dist. Court*, 124 Nev. 477, 480, 186 P.3d 886, 888 (2008) (recognizing that conspiracy requires an agreement to do something unlawful).

and provides that no person has a right to be released on parole, and he had no other statutory parole rights. *See* Nev. Stat., ch. 6, § 1, at 5-7; S.B. 4, 24th Special Session (Nev. June 30, 2008); *Morrow*, 127 Nev. at ___, 255 P.3d at 227. As a result, the Parole Board defendants were entitled to judgment as a matter of law on these claims. *See Weakland v. Bd. of Parole Comm'rs*, 100 Nev. 218, 219-20, 678 P.2d 1158, 1160 (1984) (recognizing that Nevada's statutory parole scheme did not create a constitutionally cognizable liberty interest). And with regard to Kille's state-law-based equal protection arguments, these assertions lack merit as Kille failed to identify how he was treated differently from other inmates or how his equal protection rights were otherwise violated. *See Zamora v. Price*, 125 Nev. 388, 395, 213 P.3d 490, 495 (2009) (holding that "[b]oth the United States and Nevada Constitutions' equal protections clauses are implicated when a law treats similarly situated people differently"). In light of the foregoing, we affirm the district court's decision because the Parole Board defendants were entitled to judgment as a matter of law.

It is so ORDERED.[5]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[5]We have considered Kille's remaining arguments and conclude that they are without merit.

cc:    Hon. James Todd Russell, District Judge
David August Kille, Sr.
Attorney General/Carson City
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A