Matthew GODBOLT, Plaintiff,

v.

COMMISSIONER OF the DEPARTMENT OF CORRECTIONAL SERVICES and Chairman of the New York State Board of Parole, Defendants.

No. 80 Civ. 2095 (CBM).

United States District Court,
S. D. New York.

Feb. 19, 1981.

Matthew Godbolt, pro se.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, a New York State prisoner, brought this civil rights action pro se pursuant to 42 U.S.C. § 1983, alleging that defendants, the Commissioner of the Department of Correctional Services and the Chairman of the New York State Board of Parole, violated his constitutional rights by recomputing his release date without benefit of a proper hearing, following his violation of parole. Plaintiff seeks injunctive and declaratory relief pursuant to 28 U.S.C. § 2201. Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. For the reasons set forth below, defendants' motion is granted in part and denied in part.

On December 14, 1972, plaintiff was sentenced by the New York State Supreme Court, Kings County, to imprisonment for a maximum term of ten years after pleading guilty to manslaughter in the first degree. Were he to serve the maximum sentence, his release date, with credit for 510 days already served at the time he was sentenced, would have been July 18, 1981. However, plaintiff was twice released on parole and each time was reincarcerated as a parole violator. This necessitated a recomputation of the original maximum expiration date. Crediting plaintiff with all time previously served, again assuming the maximum sentence, his recomputed release date is March 3, 1982, unless he qualifies for an earlier release.

Plaintiff objects to this recomputation, claiming that the new maximum expiration date of March 3, 1982, is incorrect and, without offering what he considers to be the correct date, appears to allege that any recomputation of the maximum expiration date without proper notice and hearing is a violation of his civil rights under 42 U.S.C.

§ 1983. Plaintiff requests that the court order the Commissioner of the Department of Correctional Services to provide him with notice of the reasons for revoking his parole, as well as with a proper hearing, before any such revocation can be effected. Plaintiff also asks that the Commissioner of the Department of Correctional Services be ordered to recompute his "time owed" and present release date.

█ It is a general rule in civil rights actions that exhaustion of state remedies is not a prerequisite. *Monroe v. Pape*, 365 U.S. 167, 193, 81 S.Ct. 473, 487, 5 L.Ed.2d 492 (1963). However, in *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (*Preiser*), the Supreme Court held that:

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus,"

and the exhaustion requirement applies.

Defendants, relying on *Preiser*, argue that plaintiff's claims, regardless of how he characterizes them, are limited to a challenge of the fact of his reconfinement as a result of his parole revocation and are therefore proper only in a habeas corpus petition, for which the exhaustion of state remedies is required. The court does not agree that all of plaintiff's claims must be dismissed pursuant to the rule in *Preiser.*

█ To the extent that plaintiff seeks immediate or speedier release from imprisonment, a § 1983 action is not the proper remedy. However, to the extent that plaintiff challenges parole procedures or the lack thereof, he does state a claim for which relief may be granted pursuant to § 1983. In *Haymes v. Regan*, 525 F.2d 540, 542 (2d Cir. 1975), where a parole applicant sought disclosure of the release criteria observed by the New York State Parole Board, the Court of Appeals for this Circuit held that, "[s]ince it is the manner of parole decision-making, and not its outcome, that is chal-

lenged, appellant does not present a complaint of the sort in *Preiser* ... for which habeas corpus would be appropriate."

Similarly, and relying in part on the language of *Haymes v. Regan, supra,* the Second Circuit in *Williams v. Ward,* 556 F.2d 1143, 1151 (2d Cir. 1977), *cert. dismissed,* 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977), held that a prisoner's request for a new parole hearing "was a remedy available outside habeas corpus, since it too concerned the manner of parole decision making, not its outcome."

The fact that plaintiff's claims are in part concerned with the outcome of the parole decision, in that he seeks a speedier release, does not mean that his entire complaint must be dismissed. In *Williams v. Ward, supra,* the court ruled that the district court judge's segregation of the plaintiff's § 1983 claim from his habeas claim was not improper,[1] citing *Preiser* as authority that where simultaneous claims for habeas corpus and § 1983 relief are presented, the latter could be pursued in federal court at the same time that the exhaustion requirement for habeas was being met at the state level. *Williams v. Ward, supra,* 556 F.2d at 1151.[2] *See also, Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974). Therefore, plaintiff, in order to obtain habeas corpus relief, must first exhaust all available state remedies. Whether or not plaintiff pursues that avenue of relief, however, does not determine whether he may maintain that part of his claim which is cognizable under § 1983.

The Supreme Court in *Morrisey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), established the minimum requirements of due process with respect to alleged parole violations:

"They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

Plaintiff's complaint states a valid claim of the violation of his due process rights under the holding of *Morrisey v. Brewer, supra,* and therefore, to that extent, survives defendants' motion to dismiss.

Accordingly, defendants' motion to dismiss is granted only with respect to plaintiff's request that this court order the defendants to grant plaintiff an earlier release date. This dismissal is without prejudice to plaintiff's right to petition the federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhausting available state remedies. The motion to dismiss is denied with respect to plaintiff's request that this court order the defendants to provide plaintiff with notice of the reasons for revoking his parole and with a proper hearing.

SO ORDERED.

---

1. The Court of Appeals found that the district court's segregation of the § 1983 claim was proper, but pointed out that it would have been preferable, were the exhaustion requirement not met, to dismiss the habeas claim rather than ignoring it. *Williams v. Ward, supra,* 556 F.2d at 1151–52.

2. The language from *Preiser* relief on by the Court of Appeals in *Williams v. Ward, supra,* reads as follows:

"If a prisoner seeks to attack both the conditions of his confinement and the fact or length of that confinement, his latter claim, under our decision today, is cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies. But, consistent with our prior decisions, that holding in no way precludes him from simultaneously litigating in federal court, under § 1983, his claim relating to the conditions of his confinement."
411 U.S. at 499 n.14, 93 S.Ct. at 1841 n.14 (1974).