**Eddy James CANDELARIA,**
**Plaintiff-Appellant,**

v.

**Jerry GRIFFIN, Marc Orner, David Garcia, Christine Hodge, Defendants-Appellees.**

No. 80–1119.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 26, 1980.

Decided March 3, 1981.

Eddy James Candelaria, pro se.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Plaintiff, a prisoner at New Mexico State Penitentiary, filed a pro se complaint in forma pauperis under 42 U.S.C. § 1983 charging certain prison officials with violating his civil rights. The district court dismissed plaintiff's claims as frivolous. *See* 28 U.S.C. § 1915(d).

Plaintiff's appeal arises from defendants' denial of his request for parole. Plaintiff contends that the failure of the Penitentiary's Director of Psychiatric Services to give him a psychological evaluation and report unconstitutionally prejudices his parole request. Plaintiff further urges that the parole board did not give full and fair consideration to his parole plan and that their reasons for denying his parole were therefore inadequate, in violation of his right to due process and equal protection. Plaintiff also argues that his parole possibilities were substantially prejudiced because of his race.

▮ We construe plaintiff's petition as a challenge to the fairness of parole procedures and not a demand for immediate release pursuant to parole. As such, § 1983 is a proper statutory basis for this action. *See Schuemann v. Colorado State Board of Adult Parole*, 624 F.2d 172, 173 n.1 (10th Cir. 1980); *Williams v. Ward*, 556 F.2d 1143, 1150–51 (2d Cir.), *cert. denied*, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977).

The parole provision applicable to plaintiff's appeal provides:

The [parole] board *may* release on parole any person confined in any correctional institution ... when the prisoner gives evidence of having secured gainful employment or satisfactory evidence of self-

support, and the board finds in its opinion the prisoner can be released without detriment to himself or to the community. N.M.Stat.Ann. § 31–21–10(A)[1] (emphasis added). In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Supreme Court addressed the theory that an entitlement sufficient to trigger the procedural safeguards of due process is created whenever a state provides for the mere possibility of parole:

That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained.... To that extent the general interest asserted here is no more substantial than the inmate's hope that he will not be transferred to another prison, a hope which is not protected by due process.

*Id.* at 11, 99 S.Ct. at 2105. The Court held, however, that Nebraska's parole system did create an expectancy entitled to the protections of procedural due process because the applicable Nebraska statute, rather than providing for the mere possibility of parole, provided that whenever the parole board "considers the release of a committed offender who is eligible for release on parole, it *shall* order his release *unless*," upon consideration of four predictive factors, the board concludes that parole should be deferred.

Nebraska's "shall ... unless" system appears to be quite unusual. Although the federal parole system is similar, *see Bowles v. Tennant*, 613 F.2d 776, 778 (9th Cir. 1980), no other state system which has been the subject of a circuit court opinion has been found to be enough like Nebraska's to establish a liberty interest. *See Schuemann v. Colorado State Board of Parole*, 624 F.2d 172, 175 (10th Cir. 1980) (Colorado); *Averhart v. Tutsie*, 618 F.2d 479, 481–482 (7th Cir. 1980) (Indiana); *Sharp v. Leonard*, 611 F.2d 136 (6th Cir. 1979) (Ohio); *Wagner v. Gilligan*, 609 F.2d 866 (6th Cir. 1979) (Ohio);

---

1. Repealed, 1980 N.M.Laws, Ch. 28, § 1. The new parole system is "applicable only to persons sentenced for crimes committed on or after July 1, 1979, and who have not been placed or become eligible to be placed on parole prior to the effective date of Laws 1980, ch. 28." Plaintiff does not fall within the new statute's ambit.

*Jackson v. Reese*, 608 F.2d 159 (5th Cir. 1979) (Georgia); *Boothe v. Hammock*, 605 F.2d 661 (2d Cir. 1979) (New York); *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (Oklahoma).[2]

■ New Mexico's parole system contains no "shall ... unless" directive to the parole board.[3] Consequently, the system "does no more than create a parole system, which in the Supreme Court's view ... does not establish a liberty interest." *Shirley v. Chestnut*, 603 F.2d at 807. Thus, there is no constitutional basis for plaintiff's contention that, in preparing his parole application, he has a right to a psychiatric report. Similarly, his dissatisfaction with the parole board's reasons for denying his application is not actionable. When the appellants in *Shirley* demanded written reasons for their denial of parole, we held that "[i]n the absence of [a] liberty interest, the specific due process procedures requested by the appellants are not applicable." *Shirley v. Chestnut*, 603 F.2d at 807.

■ The absence of a liberty interest, however, does not deprive plaintiff of his right to the equal protection of the laws. His claim that he was denied a genuine opportunity for parole because he is Hispanic is not frivolous on its face and has not yet been adequately considered. As we stated recently in *Nordgren v. Hayward*, 638 F.2d 224 (10th Cir. 1981), "an in forma pauperis complaint is frivolous if the plaintiff cannot make a rational argument on the law or on the facts to support his claim, and ... this determination may be made on the basis of an administrative report." As we also indicated in that case, however, even if the administrative report reveals that the claim is not frivolous, the trial court is not precluded from disposing of the claim through other proper summary procedures.

REVERSED AND REMANDED.

2. The court in *Dumschat v. Board of Pardons*, 618 F.2d 216 (2d Cir. 1980), identified an acceptable manner of establishing a liberty interest in a parole system absent the "shall ... unless" language: "Statutory or constitutional language, however, is not the only ground upon which a legitimate expectation of liberty or property may rest. Such an expectation, with attendant due process rights, may also be based on regulations, policies, understandings, contractual arrangements or institutional practices." 618 F.2d at 219. Plaintiff has not alleged such factors in his complaint.

3. The New Mexico Supreme Court has determined that in New Mexico "parole is a matter of grace and not a right." *Sneed v. Cox*, 74 N.M. 659, 397 P.2d 308, 310 (1964).