Richard L. OSBORNE,
Plaintiff-Appellant,

v.

Emory FOLMAR, individually and as Mayor of Montgomery, Alabama, and the City of Montgomery, Alabama, a municipal corporation, Defendants-Appellees.

No. 84–7022

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 6, 1984.

Jack Drake, Tuscaloosa, Ala., John L. Carroll, Mandell & Boyd, Montgomery, Ala., for plaintiff-appellant.

Robert C. Black, Montgomery, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Richard Osborne brought this 42 U.S.C. § 1983 action against Emory Folmar, Mayor of Montgomery, Alabama, seeking compensatory and punitive damages. We set out in the margin the relevant parts of the complaint.[1]

1. (1) Jurisdiction of this action is based on 28 U.S.C. § 1343(3) and (4) and is brought pursuant to 42 U.S.C. § 1983. Attorneys fees are requested pursuant to 42 U.S.C. § 1988.

(2) Richard Osborne is over the age of nineteen (19) years and resides in Greene County, Alabama.

(3) Emory Folmar resides in Montgomery, Alabama, and is the Mayor of Montgomery, Alabama. At all times relevant hereto Folmar was the duly elected Mayor of Montgomery, Alabama. Defendant Montgomery, Alabama, is a municipal corporation.

(4) On or about October 14, 1982, Plaintiff made application to Defendant Folmar, in his capacity as Mayor of Montgomery, asking Folmar to grant him a pardon for an offense committed in Montgomery, Alabama. Plaintiff was convicted in 1969 in municipal court in Montgomery for the offense of petit larceny.

(5) At the time of said application Plaintiff was the nominee of the Alabama Democratic Party for District Judge in Greene County, Alabama.

(6) In the general election held in November 1982, Ralph Banks received some 600 odd write-in votes for the office of District Judge in Greene County, Alabama.

(7) Legal proceedings in State Circuit Court were initiated in late 1982 to declare Ralph Banks District Judge of Greene County. The basis of that litigation was that Plaintiff was ineligible and not qualified to hold the office

■ The district court dismissed Osborne's action. The court concluded that, because "Plaintiff had no constitutional right to have Mayor Folmar exercise his pardon power in any particular way," under *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 465, 101 S.Ct. 2460, 2464, 69 L.Ed.2d 158 (1981), Osborne had no claim against Folmar. The lack of any liberty interest in or right or entitlement to the exercise of the pardon power in any particular way, as the district court correctly notes, disposes of the procedural due process claim under *Dumschat. See id.* at 465–67, 101 S.Ct. at 2464–2465; *Smith v. Snow*, 722 F.2d 630, 631–32 (11th Cir.1983) (rejecting due process and eighth amendment challenge to decision of Georgia Board of Pardons and Paroles); Ala. Code § 12–14–15 (1977) ("mayor ... *may* grant pardons) (emphasis added); Montgomery, Ala., Code § 26–17 (1980) (same).

Osborne correctly points out, however, that *Dumschat* does not answer the equal protection inquiry. In that case to the statement that "pardon and commutation decisions have not traditionally been the business of courts; as such they are rarely, if ever, appropriate subjects for judicial review," the Court footnoted that "[r]espondents have not raised any equal protection claim." 452 U.S. at 464 & n. 9, 101 S.Ct. at 2464 & n. 9. At most the Court implicitly recognized that a person could challenge such a decision on equal protection grounds; at least the Court left the question open.

In *Cruz v. Skelton*, 543 F.2d 86, 91 (5th Cir.1976), *cert. denied*, 433 U.S. 911, 97 S.Ct. 2980, 53 L.Ed.2d 1096 (1977), the court considered an equal protection challenge to a parole decision alleging geographic discrimination. The court, finding no factual basis alleged in support of the charges, rejected the claim. But the court noted that "Cruz alleges no 'invidious discrimination' based on such considerations as race, religion, national origin, or poverty against inmates of the Ellis unit." *Id.* at 92.

Similarly, the Tenth Circuit in *Candelaria v. Griffin*, 641 F.2d 868, 870 (10th Cir.1981), held that the absence of a liberty interest disposed of the prisoner's due process claim but further stated that "[t]he absence of a liberty interest, however, does not deprive plaintiff of his right to the equal protection of the laws. His [the prisoner's] claim that he was denied a genuine opportunity for parole because he is Hispanic is not frivolous on its face and has not yet been adequately considered." *Id.*

In *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972), the Court distinguished between the lack of any right to a benefit and the use of impermissible reasons to deny such a benefit:

> [E]ven though a person has no "right" to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests ....

■ Thus we conclude that a person may challenge a pardon or parole decision on equal protection grounds though he asserts a due process claim that fails.

---

due to his 1969 conviction. That litigation resulted in a declaration that Ralph Banks was the District Judge of Greene County, Alabama. The state court decision was affirmed by the Alabama Supreme Court, September 30, 1983.

(8) On October 22, 1982, Defendant Folmar refused to grant plaintiff the requested pardon. Prior to that time Folmar had routinely granted pardons to anyone who requested them. Folmar refused to grant Plaintiff a pardon for purely political reasons. Folmar was at that time a candidate for Governor of Alabama.

(9) In refusing to grant Plaintiff a pardon, Defendant Folmar, in his capacity as Mayor, acted arbitrarily and capriciously in violation of the Fourteenth Amendment to the *United States Constitution.* As a result of Folmar's action, Plaintiff was denied equal protection of the law and due process of the law in violation of the Fourteenth Amendment to the *United States Constitution* and 42 U.S.C. § 1983.

The district court did not consider the equal protection claim, and we remand the case in order that it may do so. In doing so we neither hold nor imply that the equal protection assertions state a claim on which relief can be granted, a question raised by defendants' motion to dismiss but not addressed. This issue is for the district court to decide. Costs are to be taxed to appellees.

VACATED and REMANDED.