Lynden KELSO, Plaintiff,

v.

Bryn ARMSTRONG, Chairman, Beatrice Franklin and Sister Ricardo Mosley, Nevada Parole Commissioners, Defendants.

No. CV–R–85–203–ECR.

United States District Court,
D. Nevada.

Aug. 1, 1985.

Lynden Kelso, in pro. per.

No appearance entered for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court on the plaintiff's objections to the Report and Recommendation of U.S. Magistrate Phyllis Halsey Atkins.

The pro se Complaint herein, brought under 42 U.S.C. § 1983, contends that defendant Armstrong, the Chairman of the Nevada State Board of Parole Commissioners, "reviewed and denied Plaintiff due consideration for access to parole release when Plaintiff met the prerequisites and criteria for supervised parole release conditions." The pleading charges defendants Franklin and Mosley, members of the Board, with denying the plaintiff due consideration for supervised parole release and further denying him a meaningful parole evaluation hearing.

The Complaint alleges that the plaintiff applied to the Board for parole and was denied "for no understandable reason." Also, the Board said that it would not consider any renewed application from him for a period of three years, "for no apparent reason." The pleading asserts that the plaintiff was so discriminated against in retaliation for an altercation between his counsel and the Executive Secretary of the Board, during the plaintiff's hearing before the Board. According to the plaintiff, his prison record of behavior and rehabilitative endeavor satisfied the prerequisites for parole, so that he was entitled to release. In addition, he complains that the Board failed to take cognizance of his health condition and age, as well as letters of recommendation from prison officials and outside citizens. The defendants' conduct violated the plaintiff's due process and equal protection rights, the plaintiff declares. The prayer for relief asks for a declaratory judgment that the defendants did violate his constitutional rights. Also, it asks for injunctive relief precluding the defendants from (1) refusing to grant him a fair and impartial parole board hearing, (2) violating their own regulations and State statutes, and (3) denying the plaintiff his right to parole. The plaintiff seeks general and punitive damages, as well.

Magistrate Atkins granted leave for the plaintiff to proceed in forma pauperis, but directed the Clerk of Court not to issue summons for service on the defendants unless subsequently ordered to do so by the Court. Her later Report and Recommendation then concluded that the Complaint should be dismissed without service of process on the defendants.

The plaintiff's demand for a fair and impartial parole hearing and for an end to the denial of his right to parole amount, in the Magistrate's opinion, to a request for release from confinement. Therefore, she feels that the plaintiff should have petitioned for a writ of habeas corpus, rather than to include a demand for such relief in a § 1983 action. There is no showing that state remedies have been exhausted, the Magistrate notes. ·

Further, the Magistrate's Report and Recommendation points out that Nevada statutes do not create a liberty interest sufficient to invoke the protections of the Due Process Clause. Therefore, she suggests that the meaningfulness of the parole hearing is not subject to review. The Report also notes that the Eleventh Amendment bars a federal court from awarding damages against state officials, such as the defendants herein, for failure to conform their conduct to state law. She concludes that the absence of a factual or legal basis for relief renders the plaintiff's Complaint legally frivolous. The Magistrate indicates

that the failure of the plaintiff to allege facts stating a claim for relief cognizable in federal court should preclude granting him leave to amend his Complaint. She reasons that no additional facts will change the rule that denial of discretionary parole, under a statutory scheme like Nevada's, does not implicate federal due process rights.

The plaintiff's written objections to the Magistrate's Report and Recommendation discusses issues not raised by the Complaint. For example, the pleading does not contend that the defendants have adopted and applied unconstitutional policies or that outside political influence contributed to denial of the plaintiff's parole application. Yet, these issues are argued in the objections. Possibly the objections filed in some other case were copied here. In any event, the Court must focus on the Complaint where, as here, the Recommendation of the Magistrate is that the Complaint be dismissed without leave to amend.

█ Where a prisoner seeks release from confinement as well as damages and equitable relief in a § 1983 action, the release from confinement claims should be dismissed because a habeas corpus proceeding is the proper vehicle for such claims. *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 681–82 (9th Cir.1984); *see also Gardner v. McCarthy,* 503 F.2d 733, 734 (9th Cir.1974). Nevertheless, a challenge to parole procedures may be made in a § 1983 action. *Godbolt v. Com'r of Dept. of Correctional Services,* 524 F.Supp. 21, 22 (S.D.N.Y.1981); *Ybarra, supra* at 681–82. Such challenge must be grounded in violation of rights guaranteed by the U.S. Constitution, for § 1983 is not available to a plaintiff seeking to vindicate rights created by state law. *Keaukala-Panaewa Community v. Hawaiian Homes,* 739 F.2d 1467, 1472 (9th Cir.1984).

█ Unless state statute mandates that parole "shall" be granted "unless" a designated exception applies, a federal due process protected interest does not arise. *Baumann v. Arizona Dept. of Corrections,* 754 F.2d 841, 844 (9th Cir.1985). Nevada statute, NRS 213.1099, provides that the State Board of Parole Commissioners "may" release on parole a prisoner. Therefore, it does not create a liberty interest protectible by the Due Process Clause. *Severance v. Armstrong,* 96 Nev. 836, 620 P.2d 369, 370 (1980); *Weakland v. Board of Parole Comm'rs,* 100 Nev.Adv.Op. 42, 678 P.2d 1158, 1160 (1984). The Board need not even give a statement of reasons why parole is being denied. *Id.* It should be noted that the right to apply for parole is a constitutionally protected interest; it is the expectancy of release that is not protected. *Severance v. Armstrong,* 97 Nev. 95, 624 P.2d 1004, 1005 (1981). The plaintiff has been allowed to apply. His umbrage is directed at the defendants' refusal to release him, which is not redressable in federal court because of the discretionary wording of the Nevada statute.

█ Even though a plaintiff's challenge to an adverse parole decision must fail on due process grounds, he still is entitled to equal protection of the laws. *Osborne v. Folmar,* 735 F.2d 1316, 1317 (11th Cir. 1984); *Candelaria v. Griffin,* 641 F.2d 868, 870 (10th Cir.1981). In *Candelaria,* the plaintiff's claim was that he was denied a genuine opportunity for parole because he was Hispanic. Equal protection claims usually allege invidious discrimination based on gender, race, religion, national origin, poverty, or the like. *Osborne, supra* at 1317. The plaintiff herein has made no appropriate allegation.

█ A court may dismiss a frivolous action filed in forma pauperis before service of process. *Franklin v. Murphy,* 745 F.2d 1221, 1225–26, 1227 (9th Cir.1984); *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980). In order to determine whether an action is "frivolous," the court must assess the substance of the claims presented to ascertain whether there is a constitutional dimension to the asserted wrong, however inartfully pleaded. *Franklin, supra* at 1227–28. For the reasons discussed above, this Court accepts the Magistrate's recommendation that the case be dismissed as frivolous. However,

her recommendation that the plaintiff not be given an opportunity to amend his complaint is rejected on the ground that a pro se plaintiff proceeding in forma pauperis should be given an opportunity to amend unless it is absolutely 'clear that the deficiencies in the pleading could not be cured by amendment. *Id.* at 1228 n. 9. Count II of the plaintiff's Complaint alleges discrimination against him by the defendants, in violation of his equal protection rights. As it now reads, it fails to state a cognizable equal protection claim. However, where a law is administered so as to discriminate unjustly between persons similarly situated, a denial of equal protection may be the result. *Guillory v. County of Orange*, 731 F.2d 1379, 1383 (9th Cir.1984). Therefore, it is not absolutely clear at this juncture that the plaintiff could not amend his complaint to allege facts constituting a denial of equal protection.

IT IS, THEREFORE, HEREBY ORDERED that the action shall be dismissed unless the plaintiff shall file an amended Complaint stating a claim for relief cognizable by this Court within sixty (60) days of the date hereof.