**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellant,

v.

Lucia S. **Manglona**, aka Lucia Quitugua,
Lorenzo Ayuyu, and Diane Quitugua,
Defendants/Appellees.
Appeal No. 96-030
Criminal Case Nos. 96-0021,
96-0022 & 96-0023 (Rota)
November 24, 1997

Argued and Submitted September 29, 1997

Counsel for Appellant: Alan L. Lane, Assistant Attorney General, Criminal Division, Saipan.

Counsel for Appellees Lucia S. Manglona & Lorenzo Ayuyu: Christine Matson and Gregory Baka, Assistant Public Defenders, Saipan.

Diane Quitugua (Pro Se)

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Justices.

TAYLOR, Chief Justice:

¶1　■ The Commonwealth of the Northern Mariana Islands ("government") appeals the Superior Court's decision dated May 21, 1996, granting defendants' motion to dismiss under Com. R. Civ. Pro. 12(b)(2). We have jurisdiction pursuant to 1 CMC § 3102(a). We affirm.

## ISSUE PRESENTED AND STANDARD OF REVIEW

¶2　■ We are asked to determine whether the appellees can be prosecuted for their willful failure to file a statement of financial interest pursuant to 1 CMC §8515(a) of the Government Ethics Code. The propriety of granting a motion to dismiss is a question of law which we review de novo. *Commonwealth v. Oden*, 3 N.M.I. 186, 191 (1992).

## FACTS AND PROCEDURAL BACKGROUND

　　Lucia S. Manglona, Lorenzo Ayuyu, and Diane Quitugua ("appellees") were all appointed by the Governor to become councilpersons for the Library Council ("LC"), the Rehabilitation Advisory Council ("RAC"), and the Developmental Disabilities Planning Council ("DDPC"), respectively. The Government Ethics Code ("Ethics Code") requires certain government officials to file yearly financial disclosure reports at the commencement of their government service in order to prevent improper influence, instill public confidence, and

ensure accountability in government office.[1] On January 25, 1996, the government filed charges against the appellees by separate Information for willfully and knowingly failing to file a Report of Financial Interest as required by 1 CMC §§ 8511-15, punishable by 1 CMC § 8517(a).[2] Although appellees admitted they did not file their respective reports, they argued that as a matter of law, they could not be prosecuted under the Ethics Code because it does not include members of government councils. Further, appellees contended that the case should be dismissed based on the common law "rule of lenity" on the grounds that the penal statute in question is ambiguous and, as such, should be construed in favor of the accused. Their motion to dismiss was subsequently granted. The government timely appealed.

## ANALYSIS

¶3 The government contends that the appellees can be prosecuted for violating 1 CMC § 8517(a) as they are included within the scope of the Ethics Code and that the Superior Court erred by granting appellees' motion to dismiss based on the common law rule of lenity as the penal statute at issue is not ambiguous. The appellees, on the other hand, contend that as the LC, RAC, and DDPC are not expressly delineated under the Ethics Code, they are not included within its scope and cannot be lawfully prosecuted.[3]

¶4 ▇ In the absence of written law or local customary law to the contrary, the courts must apply the rules of the common law, as generally understood and applied in the United States. 7 CMC § 3401. This Court has not previously expressed an opinion regarding the common law "rule of lenity." According to the Superior Court's opinion, "[u]nder the common law rule of lenity, courts must strictly construe penal statutes in order to avoid a violation of the due process rights of the accused. Thus, in criminal cases where two reasonable interpretations of a penal statute exist, one inculpating and the other exculpating a defendant, a court must employ the less harsh reading." Decision and Order at 2.

¶5 ▇ In considering a criminal statute which is ambiguous, a reviewing court must construe the statute strictly against the government. *United States v. Restrepo*, 676 F. Supp. 368, 372 (D. Mass. 1987).[4] The "rule of lenity" requires the court to interpret any ambiguity so as to provide for the more lenient of any two possible sentencing schemes.[5] However, a court should not strike down a statute on vagueness grounds if an ambiguity can be resolved by reference to a clearly-expressed legislative intent. *Hoyt*, [n. 5 above] 879 F.2d at 512 (citing *Restrepo*). Thus, if either the terms of the statute as a whole or its legislative history disclose a clear intention on the part of the legislature, we must give effect to that intent, despite some ambiguity on the face of the particular

---

[1] *Commonwealth v. Manglona, Ayuyu & Quitugua*, Criminal Case Nos. 96-0021, 96-0022 & 96-0023 (Rota) (N.M.I. Super. Ct. May 21, 1996) (Memorandum Decision and Order at 1-2) (hereinafter "Decision and Order").

[2] *Commonwealth v. Manglona*, Criminal Case No. 96-0021(Rota) (N.M.I. Super. Ct. Jan. 25, 1996) (Information at 1-2); *Commonwealth v. Quitugua*, Criminal Case No. 96-0022(Rota) (N.M.I. Super. Ct. Jan. 25, 1996) (Information at 1-2); *Commonwealth v. Ayuyu*, Criminal Case No. 96-0023 (Rota) (N.M.I. Super. Ct. Jan. 25, 1996) (Information at 1-2).

[3] Through the discovery provided by the government, the following is a list of 29 entities the Office of the Public Auditor requires disclosure forms from, excluding the four councils which the appellees contend are not required to file:

CNMI Constitutional Convention; CNMI Executive Branch: Resident Directors, Directors and above, Liaison Offices, Mayors, Office of the Governor - Special Assistants; CNMI Judiciary; CNMI Legislature, Municipal Councils; Board of Elections; Board of Nurse Examiners; Board of Parole; Professional Licensing Board; Chamorro/Carolinian Language Commission; Civil Service Commission; Commonwealth Development Authority, Board of Directors; Commonwealth Ports

Authority, Board of Directors; Commonwealth Utilities Corporation, Board of Directors; Criminal Justice Planning Agency, Executive Director; Historic Preservation Review Board; Job Training Partnership Act (JTPA); Law Revision Commission; Marianas Visitors Bureau, Board of Directors; NMI Retirement Fund, Board of Directors; Northern Marianas Housing Corporation, Board of Directors; Northern Marianas College, Board of Regents; Public Auditor; Public School System, Board of Education; Washington Representative.

Appellees' Response Brief at 8.

The appellees contend that the Commonwealth Council for Arts and Culture, the DDPC, the LC, and the RAC, while included within the Public Auditor's required disclosure form list, are not "boards, commissions, or task forces" as expressed in 1 CMC § 8503(I). Appellees' Response Brief at 9.

[4] Although *Restrepo* is a district court opinion from the District of Massachusetts, and therefore not binding of its own force, it contains a thorough discussion of issues closely analogous to those raised here, and its reasoning has been expressly adopted by the Ninth Circuit. *See United States v. Hoyt*, 879 F.2d 505, 511 (9th Cir. 1989).

[5] *Hoyt*, 879 F.2d at 512.

subsection at issue. *See id.*

¶6 In the case at bar, the penal statue at issue is the Ethics Code, and its legislative intent is found in P.L. 8-11 which may be summarized as follows:

> Article II, § 15 of the Commonwealth Constitution requires the legislature to enact a comprehensive code of conduct for its members. Article III, § 6 requires the legislature to enact a code of conduct for the Governor, Lieutenant Governor and heads of executive departments "that includes a requirement of disclosure of financial or personal interests sufficient to prevent conflict of interest in performance of official duties.". . . the legislature hereby enacts a comprehensive code of conduct for all elected officials and appointed employees and officers of the Commonwealth government *and its political subdivisions including members of boards, commissions and other instrumentalities.*

PL 8-11, § 1 (§ 8403) (emphasis added); *see* 1 CMC § 8501. Accordingly, the Ethics Code was created to establish a code of ethics for "*all elected officials and appointed employees and officers of the Commonwealth government and its political subdivisions, including members of boards, commissions and other instrumentalities.*" *Id.* (emphasis added). Despite this broad statement of intent, council members are not specifically included in the body of the Ethics Code. Therefore, we decline to interpret the words "other instrumentalities" to include council members.

¶7 The Ethics Code lists three categories of "reporting individuals" obligated to file financial statements with the Public Auditor: elected Commonwealth officials; appointed Commonwealth officials and judicial officers; and Commonwealth public employees who receive additional compensation for rendering professional services or acting as an independent contractor for the Commonwealth government. 1 CMC § 8511(a). The Superior Court noted that language used for the second category of reporting individuals, "each appointed Commonwealth official and judicial officer," would arguably encompass the appellees because as council members, they are, in fact, appointed to their posts. 1 CMC § 8511(a)(2). However, upon further examination of the Ethics Code, when one consults 1 CMC § 8503 to ascertain the legislative meaning of the term "Commonwealth official," the term available is "public official."[6]

¶8 "Public official" is defined as "any person holding any elected office of the Commonwealth or any appointed, non-employee member of the Commonwealth government, *including* members of boards, commissions, and task forces." 1 CMC § 8503(l) (emphasis added). The government contends that this definition, while it does list specifically some public officials, does not purport to be an exhaustive listing of all public employees subject to the Ethics Code. Appellees, on the other hand, read the term "including" as "limiting" language necessarily excluding any Commonwealth officials who are not members of boards, commissions or task forces.

¶9 The Superior Court noted that ordinarily, the term "including" is a term of enlargement and not of limitation, citing *People v. Western Air Lines*, 268 P.2d 723, 733 (Cal. 1954). When used in statutes, "including" is not a work of all-embracing definition, but connotes an illustrative application of the general principle. *Argo Oil Corp. V. Lathrop*, 72 N.W.2d 431, 434 (S.D. 1955). The Superior Court then read the definition of "public official" using *Argo Oil's* standard, as an "appointed Commonwealth official" required to report a statement of financial interest constitutes any appointed, non-employee member of the Commonwealth government such as, "but not limited to" members of boards, commissions, or task forces. Thus, the rules of statutory interpretation suggest that 1 CMC § 8511(a)(2) should be read to include council members under the term "reporting individual."

¶10 However, the Superior Court did not end its analysis there. It noted that the penal nature of the statute requires the court to rule upon whether appellees' interpretation that they fall outside the scope of the Ethics Code is a reasonable one. When doing so, the court must look for the manifest intention of the legislature, and may not manufacture ambiguity in order to defeat the intent. *Bifulco v. United States*, 447 U.S. 381, 387, 100 S. Ct. 2247, 2252, 65 L. Ed. 2d. 205, 211 (1980). The Superior Court then went on to invoke the common law "rule of lenity" which requires the court to look at the legislative intent of an ambiguous statute and construe the statute in favor of the accused.

¶11 Here, the legislature has expressed its intent to include generally "all . . . appointed employees and officers of the Commonwealth government and its political subdivisions including members of boards, commissions and *other* instrumentalities." PL 8-11, § 8403 (entitled "Intent") (emphasis added). While this statement of intent generally

---

[6] The legislature has failed to define "Commonwealth official" but has defined "public official." After weighing this

inconsistency, the Superior Court considered that the terms "public" and "Commonwealth" are effectively synonyms, and therefore, employed the definition of a "public official" to establish a definition for "Commonwealth official." Decision and Order at 3, n.1.

outlines the breadth of the Ethics Code, it offers the appellees little guidance as to whether the legislature considered "councils" to be instrumentalities of the Commonwealth.

¶12 The Superior Court found that the legislative intent expressed in PL 8-11, § 8403 does not, by itself, remove the ambiguity created by 1 CMC §§ 8511(a)(2) and 8503(I). Pursuant to a strict construction of the Ethics Code, the Superior Court found as a matter of law the appellees could not be prosecuted under 1 CMC § 8517(a) for willfully and knowingly failing and refusing to file reports of their financial interests as required by 1 CMC §§ 8511-15.

¶13 ■ We agree with the Superior Court's determination that the penal statute of the Ethics Code is ambiguous as applied to council members. Therefore, we must invoke the common law "rule of lenity" which requires the court to employ a less harsh, and more lenient interpretation, one in favor of the accused. Under the rule of lenity, the appellees would not be included within the scope of the Ethics Code and therefore, could not be lawfully prosecuted for their failure to file a financial disclosure report.

## CONCLUSION

¶14 For the foregoing reasons, we hereby **AFFIRM** the decision of the Superior Court.