[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12000
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-14006-JEM

MERITAN DUMEL,

Plaintiff-Appellant,

versus

CAPT. B.J. ELVIN,
LT. A. COLEMAN,
WARDEN,
ASST. WARDEN COWART,
K. MURRAY,
Class. Ofc., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2014)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Meritan Dumel, a prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint, brought pursuant to 42 U.S.C. § 1983, for failure to state a claim upon which relief may be granted. On appeal, Dumel argues that his complaint demonstrated that prison officials violated his right to equal protection and acted with deliberate indifference to his serious medical condition. Although Dumel's complaint stated other grounds for relief, he has not briefed those claims on appeal. Thus, he has waived those claims. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We review *de novo* a *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). We generally review the denial of a motion for leave to amend a complaint for abuse of discretion. *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006). However, when a district court denies leave to amend because the amendment would be futile, we review the denial *de novo*. *Id.*

When a plaintiff proceeds *in forma pauperis*, the district court may dismiss the complaint at any time if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). These dismissals are governed by the

2

same standards that apply to dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007) (discussing the standards that apply to *sua sponte* dismissals, including dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii), in the context of Rule 12(b)(6) dismissals). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation and quotations omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes*, 350 F.3d at 1160.

To state a claim under § 1983, a plaintiff must allege that the defendant deprived him of a right under the U.S. Constitution or federal law and that the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). A claim that prison officials displayed "deliberate indifference to serious medical needs" arises under the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A claim for deliberate indifference has both a subjective and objective component. *Id.* To satisfy the

3

objective component, the plaintiff must demonstrate that he has an "objectively serious medical need . . . that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation omitted). The medical need must pose "a substantial risk of serious harm" if left unattended. *Id.* (internal quotation omitted). To satisfy the subjective component, the plaintiff must establish that the official acted with "deliberate indifference" to the medical need. *Richardson*, 598 F.3d at 737. Deliberate indifference has the following three requirements: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Id.* (internal quotation omitted). An official may not be liable if he or she responds reasonably to a known risk. *Chandler v. Crosby*, 379 F.3d 1278, 1290 (11th Cir. 2004).

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment[] and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal quotation omitted). National origin is another constitutionally protected interest under the Equal Protection Clause. *Osborne v. Folmar*, 735 F.2d 1316, 1317 (11th Cir. 1984).

The district court correctly determined that the facts set forth in Dumel's complaint failed to state a claim under the Eighth Amendment.  However, in light Dumel's objections to the magistrate judge's report and recommendation, he could have amended his complaint to state an equal protection claim.  Accordingly, because Dumel's amendment would not have been futile, the district court should have allowed Dumel to amend his complaint.

Upon consideration of the entire record on appeal, and after review of the parties' appellate briefs, we vacate and remand so that Dumel may amend his complaint to state an equal protection claim.

**VACATED AND REMANDED.**